**MILMAN LABUDA LAW GROUP PLLC**
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

———

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Jamie S. Felsen
Direct E-Mail Address: jamiefelsen@mllaborlaw.com
Direct Dial: (516) 303-1391

<u>**Via ECF**</u>

August 28, 2018

Hon. Roslynn R. Mauskopf, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    Eric Manzanilla *et al.* v. Star Auto Sales of Bayside, Inc., *et al.*
            Docket No.: 1-18-cv-03512 (RRM) (RER)
            MLLG File No.: 117-2018

Dear Judge Mauskopf:

       This firm represents the Defendants in the above-referenced matter.

       Pursuant to the Court's individual rules, Defendants respectfully request a pre-motion conference regarding their intention on filing (1) a motion to compel arbitration of the claims asserted in this action by Plaintiffs Richard Dumont ("Dumont"), Qiqing Zhang ("Zhang"), Justin Goon ("Goon"), and Mark Zhang ("Zhang") pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et. seq.*, or, in the alternative, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) because Dumont, Zhang, Goon, and Zhang are bound by arbitration agreements that require them to arbitrate all of their claims; (2) a motion to dismiss Plaintiff Erick Manzanilla's (improperly named herein as Eric Manzanilla) ("Manzanilla") claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") pursuant to Fed. R. Civ. P. 12(b)(1) and (6) because he does not have any viable federal claims; and (3) pursuant to Rule Fed. R. Civ. P. 12(f), a motion to strike the allegations in the Complaint which refer to or rely on <u>Hotaranu *et al.* v. Star Nissan Inc. et al.</u>, E.D.N.Y.16-cv-05320 (KAM) (RML).

       Plaintiffs, former employees of Defendant Star Auto Sales of Bayside, Inc. ("Star Toyota"), commenced this action on June 15, 2018 wherein they allege the following claims: (1) minimum wage violations under FLSA and NYLL; (2) unpaid overtime violations under NYLL; (3) unpaid commissions in violation of NYLL; (4) unlawful deductions in violation of NYLL § 193; (5) breach of contract; (6) failure to provide proper wage notices in violation of NYLL § 195(1); and (7) failure to provide accurate wage statements in violation of NYLL § 195(3).

Hon. Roslynn R. Mauskopf, U.S.D.J.
United States District Court
Eastern District of New York
August 28, 2018
Page 2 of 3

Dumont, Zhang, Goon, and Zhang commenced this action in this court even though they concede that they executed arbitration agreements that require them to arbitrate all of their claims. Notwithstanding, Dumont, Zhang, Goon, and Zhang allege in the Complaint that they are not bound by the arbitration agreements because they executed the arbitration agreements after the commencement of a completely different action concerning a corporate entity that they do not allege employed them, and they were not notified about the other action before they were provided with the arbitration agreements to sign. See Complaint at ¶¶ 84-85; Hotaranu v. Star Nissan, E.D.N.Y. 16-cv-05320 (KAM) (RML). This frivolous argument violates Fed. R. Civ. P. 11 and will be the subject of a separate motion for sanctions that will be filed in the next few weeks.[1]

In Hotaranu, the court granted the plaintiffs' motion for collective action which consisted of "all sales representatives who work or have worked at defendant's Star Nissan dealership since July 12, 2013." Hotaranu v. Star Nissan Inc., 2017 U.S. Dist. LEXIS 56801, at *7 (E.D.N.Y. Apr. 12, 2017)(emphasis added). Plaintiffs in the instant action never worked as sales representatives for Star Nissan Inc. and their Complaint makes no allegations that they did so. Simply stated, Defendants had no obligation to provide Plaintiffs with notice of the Hotaranu lawsuit prior to entering into arbitration agreements with them. Accordingly, Hotaranu has no effect on the validity of the arbitration agreements signed by the Plaintiffs, and Dumont, Zhang, Goon, and Zhang are obligated to arbitrate their claims and are precluded from litigating them in this court.

Although Manzanilla is not bound by an arbitration agreement, he cannot proceed in this court because he has no basis to bring any federal claims. Without conducting a reasonable inquiry such as reviewing his pay stubs (which are central to his minimum wage claims), Manzanilla alleges that he worked for Defendants until "on or about 2016." See Complaint at ¶ 20. In reality, Manzanilla stopped working for Star Toyota in March 2015. Because he did not commence this action until June 15, 2018, and the statute of limitations under the FLSA is a maximum of three (3) years, Manzanilla has no viable claims under the FLSA or any other federal statute.[2] Therefore, Manzanilla cannot proceed with his claims in this Court.

Defendants also anticipate filing a motion under Fed. R. Civ. P. 12(f), which permits the court to strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Plaintiffs substantially rely on the Complaint from the unadjudicated Hotaranu action so closely that they left one of the Hotaranu plaintiffs' names in their own Complaint. Accordingly, any allegations in the Complaint that "refer to or rely on" the unadjudicated Hotaranu case are improper and should be stricken under Fed. R. Civ. P. 12(f). See In re Merrill Lynch, 218 F.R.D. 76, 79 (S.D.N.Y. 2003) (granting defendants' motion to strike allegations in a complaint that referred to and relied on complaints filed in several previous actions against the defendant, holding that "Second Circuit case law makes it clear that references to preliminary steps in litigations and administrative proceedings that did not result in an adjudication on the merits or legal or permissible findings of fact are, as a matter of law, immaterial under Rule 12(f) of the Federal

---

[1] On August 13, 2018, Defendants provided Plaintiffs with notice as required under Rule 11(c)(2).

[2] This issue will also be subject to a motion for sanctions.

Hon. Roslynn R. Mauskopf, U.S.D.J.
United States District Court
Eastern District of New York
August 28, 2018
Page 3 of 3

Rules of Civil Procedure.") citing Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976).

   Finally, Defendants request a stay of the deadline to respond to the Complaint until after Defendants' instant anticipated motion is decided by the Court.

               Respectfully submitted,

               **MILMAN LABUDA LAW GROUP PLLC**

               /s/ Jamie S. Felsen

cc:  Justin L. Heiferman, Esq. (via e-mail)
    Jacob Aronauer, Esq. (via e-mail)
    Client (via e-mail)